```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
CELESTE SMALLS,                                                         :
                                                                        :
                          Plaintiff,                                    :
                                                                        :
            -v-                                                         :     23-CV-6374 (JMF)
                                                                        :
                                                                        :     ORDER OF DISMISSAL
                                                                        :
STEVEN EDWARD BERTRAND et al.,                                          :
                                                                        :
                          Defendants.                                   :
                                                                        :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, District Judge:

"[S]ubject matter jurisdiction is an unwaivable *sine qua non* for the exercise of federal judicial power." *Curley v. Brignoli, Curley & Roberts Assoc.*, 915 F.2d 81, 83 (2d Cir. 1990). Consistent with that proposition, Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

In this personal injury action, jurisdiction is premised on diversity of citizenship, pursuant to Title 28, United States Code, Section 1332. For the purpose of diversity jurisdiction, "a statement of the parties' residence is insufficient to establish their citizenship." *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996); *see also*, *e.g.*, *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998) ("For purposes of diversity jurisdiction, a party's citizenship depends on his domicile."); *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997) ("[A]llegations of residency alone cannot establish citizenship . . . ."). Here, Plaintiff filed a Complaint in which she merely alleges the parties' states of residence, not their states of citizenship. ECF No. 1 ¶¶ 3-8. The Court therefore granted Plaintiff two chances to amend the Complaint in order to cure its jurisdictional deficiencies. *See* ECF Nos. 4, 6. To date, Plaintiff has not filed any amended complaint. Plaintiff has therefore failed to establish this Court's subject-matter jurisdiction.

Accordingly, the complaint is hereby DISMISSED without prejudice for lack of subject matter jurisdiction. Any pending motions are moot and any conferences are canceled. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: October 16, 2023
       New York, New York                          _____
                                                   JESSE M. FURMAN
                                                   United States District Judge